IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVSION

| | |
|---|---|
| LANCE BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BROWN SECURITY AND LEO ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Lance Bailey ("Plaintiff"), by and through undersigned counsel, and files this lawsuit against Brown Security and Leo Management, Inc. ("Defendant") and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonably attorney's fees against Defendant for violations of his rights under the American with Disabilities Act of 1990, as amended, 42 U.S.C §12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000(e)-5(f).

3.

The unlawful employment practice alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

4.

Plaintiff has fulfilled all conditions necessary to proceed with the cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 7, 2023. Upon Plaintiff's request, the EEOC issued its Notice of Right to Sue on February 9, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8.

Defendant is qualified and licensed to do business in Georgia, at all times material hereto, has conducted business with this District.

9.

Defendant employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with U.S.C. § 12111(5).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, John Brown, 912 W. Highway 78, Suite 200, Villa Rica, Georgia 30180.

## FACTUAL ALLEGATIONS

11.

At all times relevant, Plaintiff has been a person with a disability. Specifically, Plaintiff has suffered from throat cancer, which has substantially impacted numerous major life activities.

12.

Plaintiff began his employment with Defendant as a Flagger in June 2023.

13.

During Plaintiff's employment, he did not receive and performance write ups.

14.

On or about August 17, 2023, Plaintiff was diagnosed with throat cancer.

15.

On or about August 18, 2023, Plaintiff talked to Mr. Youngblood, Manager, and asked for a paystub and a letter about Plaintiff's pay rate because Defendant had a cancer treatment program. Plaintiff further informed Mr. Youngblood that Plaintiff had throat cancer.

16.

Mr. Youngblood told Plaintiff that Defendant did not have throat cancer program, and refused to provide Plaintiff with a letter or a paystub.

13.

On or about August 22, 2023, Mr. Youngblood removed Plaintiff from the work schedule. When Plaintiff asked Mr. Youngblood when he would be placed back onto the schedule, Mr. Youngblood texted Plaintiff and told him that he was not allowed to come back on site and that he was no longer working for Defendant.

14.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination, in violation of the ADA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNT I & II – ADA DISCRIMINATION

15.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

16.

Plaintiff suffers from a disability, which substantially limits one or more major life activities.

18.

Plaintiff's cancer constitutes a "disability" within the meaning of the ADA, as amended.

19.

Defendant was aware of Plaintiff's disability.

20.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

21.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

22.

All the times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

23.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

24.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

25.

As a result of Defendant's unlawful actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

26.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, punitive damages, equitable relief, attorney's fees, costs of litigation and all other relief recoverable under the ADA.

27.

Defendant discriminated against the Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to Punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Special damages for lost wages and benefits and prejudgment interest thereon;

(C) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(D) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(E) Compensatory and punitive damages on Plaintiff's ADA claims;

(F) Reasonable attorney's fees and expenses of litigation;

(G) Prejudgment interest at rate allowed by law;

(H) All other relief to which Plaintiff may be entitled.

Respectfully submitted, this 13th day of March, 2024.

                                       **BARRETT & FARAHANY**

                                       /s/ V. Severin Roberts
                                       V. Severin Roberts
                                       Georgia Bar No. 940504
                                       Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile